IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL JUK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 20-CV-383-SMY |
| | ) | |
| CHRISTINE BRANNON, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Petitioner Daniel Juk's Motion for Reconsideration (Doc. 11), filed pursuant to Federal Rule of Civil Procedure 60(b). For the foregoing reasons, the motion is **GRANTED**.

**Procedural Background**

On April 29, 2020, Juk filed a form habeas petition asserting Under 28 U.S.C. § 2254 (Doc. 1). While he filled portions of the 20-page form petition, several sections were left blank. Notably, Juk did not complete Section 12 of the petition, which required the petitioner to establish the petition's timeliness:

> "**TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition" (Doc. 1, p. 8) (Emphasis in original).

Based largely on this omission, this Court dismissed Juk's Petition on April 25, 2022 (Doc. 8).

**Discussion**

Juk now asserts that his habeas petition is timely based on the following timeline that was previously omitted:

- His direct appeal of his conviction concluded when the Illinois Supreme Court

denied his petition for leave to appeal on January 26, 2011 (Doc. 1, p. 1);

- He filed a *pro se* post-conviction petition on February 11, 2011, which advanced to the second stage proceedings. It was eventually dismissed in 2016 and the Fifth District Appellate Court affirmed the dismissal in an unpublished decision on December 12, 2019 (Doc. 1, pp. 1-2);

- He then filed this habeas petition in April 2020.

Juk attached to his motion an opinion from the Fifth District Appellate Court of Illinois issued on December 12, 2019 (Doc. 11, pp. 5-11). The opinion concludes, "For the foregoing reasons, we affirm the dismissal, at the second stage of proceedings, of the defendant's amended petition for postconviction relief (Doc. 11, p. 11).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. Omissions through carelessness and mistake may constitute excusable neglect. *Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 359 (7th Cir. 1997) ("excusable neglect" in Rule 60(b) context), citing *Matter of Bulic,* 997 F.2d 299, 302 (7th Cir. 1993). Decisions to deny a *habeas* petition based on the failure to exhaust state remedies, procedural default or the statute of limitations may be challenged in a Rule 60(b) motion. *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005).

Here, Juk asserts that he failed to adequately explain why his petition was timely in his initial petition, resulting in this Court denying it as untimely. The Court finds that his failure to fill out the form petition correctly amounts to excusable neglect.

### Timeliness of Petition

A one-year deadline applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year statute of

limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2).  Moreover, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. §2254(c).  Under the Illinois two-tiered appeals process, petitioners must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one.  *Id.*

Juk's timeline appears to comport with the law on timeliness.  He directly appealed his conviction through to the Illinois Supreme Court, which denied his petition for leave to appeal in 2011.  His one-year statute of limitations was tolled during the years that his post-conviction petition remained pending, until the affirming of its denial by the appellate court in December 2019.  Juk filed his habeas petition approximately five months later (in April 2020 (Doc. 1)).[1]

### Conclusion

For the foregoing reasons, Petitioner's Motion to Reconsider (Doc. 11) is **GRANTED**. The Court of Clerk is **DIRECTED** to reopen the case.

The Court concludes that the petition survives preliminary review under Rule 4 without commenting on the merits of Petitioner's claims.  Although Petitioner named "Christine Brannon" as the Respondent, a search indicates that Petitioner is in the custody of the Illinois Department of Corrections at the Hill Correctional Center, and therefore the Court of Clerk is **DIRECTED** to mail a copy of this order to the Criminal Appeals Division of the Illinois Attorney General at the

---

[1] Given the sparse record presently before the Court, the conclusion that Juk's Petition was timely filed is not final and may be challenged by Respondent.  However, the Court will exercise its discretion to vacate the order dismissing the petition as untimely to conduct further proceedings, including potentially addressing the merits of the petition. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

Office of the Illinois Attorney General, 100 West Randolph, 12th Floor, Chicago, IL 60601.

Respondent is **DIRECTED** to file a response to the petition within **THIRTY** (30) days of the receipt of this Order. The Respondent shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:  March 28, 2023**

**STACI M. YANDLE**
**United States District Judge**