IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL JUK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-CV-383-SMY |
| | ) |
| TYRONE BAKER (WARDEN OF HILL CORRECTIONAL CENTER), | ) ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Daniel Juk, a state prisoner incarcerated at Hill Correctional Center, filed a Petition for Writ of Federal Habeas Corpus pursuant to 28 U.S.C. § 2254 to vacate his four criminal sexual assault convictions (Doc. 1). Juk was convicted following a bench trial in Williamson County, Illinois, where his then-14-year-old victim, J.A., testified about how he had assaulted her while she stayed in Juk's house. He raises the following grounds for relief:

1. The trial court denied Juk's constitutional right to present a defense when the trial court improperly limited Juk's cross-examination of the investigating detective;

2. The state improperly impeached J.A., the victim[1]; and

3. The evidence was insufficient to convict him.

Respondent opposes issuance of the writ and seeks dismissal of the Petition with prejudice (Doc. 20). Juk filed a Reply (Docs. 26, 27). For the following reasons, Juk's Petition will be **DISMISSED.**

---

[1] In reply, Petitioner concedes that this "was a frivolous and meritless claim" (Doc. 27, p. 11).

**Factual and Procedural Background[2]**

On September 5, 2008, Petitioner Juk was charged by Amended Information with four counts of criminal sexual assault based on an inappropriate relationship with a 14-year-old minor, J.A., who had lived in his home during the relevant time period (Doc. 21-12). Juk waived a jury trial (Doc. 21-13).

The witnesses presented during the bench trial included J.A. (Doc. 21-31), J.A.'s mother (Doc. 21-29), and Marion Police Department detective Tina Murrow (Doc. 21-32). J.A. testified that Juk had sexually assaulted her four times in 2006 and 2007 (Doc. 21-31 at 74:2-6). J.A. initially testified to three assaults that had ceased with the birth of Juk's son, but the state refreshed her recollection with a statement she had made to Detective Murrow that listed the date of a fourth sexual assault in mid-March 2007:

> Q. Is there anything that would refresh your memory as to the date of the last sexual assault?
> A. I remember his son was born, that's it.
> Q. Okay. Did you make a statement to Detective Murrow at the Marion Police Department about the sexual assault?
> A. Yes.
> * * *
> Q. If you were able to look at the statement that was written by Detective Murrow, would that refresh your memory as to the date the last sexual assault occurred?
> A. Yes.

(Doc. 21-1, p. 15; Doc. 21-31 at 62:14-63:11).

Detective Murrow met J.A. in May 2007 (Doc. 21-32 at 12:1-11). When Juk's counsel cross-examined Detective Murrow about her interview with J.A. and report, he asked, "And do you recall if she specified any dates in what she told you?" (Doc. 21-32 at 204:21-22). The state objected on the basis of hearsay and the trial judge sustained the objection (Doc. 21-32 at 204:23-

---

[2] The Court cites to the public judicial records and exhibits attached by Respondent.

205:2). The trial judge noted that the defense could have asked J.A. about the statement and any dates and held Detective Murrow could only be called to complete the impeachment if J.A. had denied telling Detective Murrow about the assault dates (Doc. 21-32 at 205:14-18; Doc. 21-32 at 205:22-206:4).

In November 2008, the trial judge found Juk guilty on all four counts of criminal sexual assault (Doc. 21-35 at 2:5-8). At the sentencing hearing, the trial judge stated, "The simple fact of the matter in this case, I believe [J.A.'s] testimony. I did not believe the defendant" (Doc. 21-38 at 7:15-17).

On direct appeal, Juk raised the following issues: the trial court denied him an opportunity to cross-examine Detective Murrow about her interview with J.A.; the state failed to follow proper procedures for impeachment when dealing with J.A.'s testimony about the fourth assault; and there was insufficient evidence to find him guilty beyond a reasonable doubt (Doc. 21-2, pp. 4, 31, 35-36, 41). The Illinois Appellate Court of the Fifth District affirmed the conviction and held:

(1) The "defense attorney failed to lay a proper foundation for the impeachment of J.A. and because Detective Murrow's testimony does not fall within the investigative exception to the hearsay rule, the trial court did not abuse its discretion in excluding Detective Murrow's testimony regarding J.A.'s statements to her" (Doc. 21-1, p. 14);

(2) The "trial court did not abuse its discretion in allowing J.A. to refresh her memory with regard to the date of the fourth and last assault" (Doc. 21-1, pp. 16-17);

(3) "The trial court found J.A. credible, and it found the defendant not credible. After reviewing the entire record in the light most favorable to the prosecution, we cannot conclude that no reasonable person could accept the testimony beyond a reasonable doubt" (Doc. 21-1, p. 18).

On March 3, 2011, the Illinois Supreme Court denied Juk's Petition for Leave to Appeal his direct appeal (Doc. 21-6). Juk sought postconviction relief based on ineffective assistance of counsel but was denied at the trial court and appellate level (Doc. 21-8).

## Discussion

The claims raised in the instant petition are almost identical to those decided by the Illinois Appellate Court of the Fifth District (Doc. 21-1). The first two are state law evidentiary claims. The parties dispute whether they are barred by procedural default[3], but regardless, they are not cognizable as federal habeas claims. See *Keith v. Schaub*, 772 F.3d 451, 453 (7th Cir. 2014) ("The state courts concluded [the evidentiary determination] under state law. That decision does not present a federal question.") And even if Petitioner characterizes his first claim as a constitutional right to have a meaningful opportunity to present a defense, he does not meet the standard for such habeas relief. *Kubsch v. Neal*, 838 F.3d 845, 858-60 (7th Cir. 2016) (requiring the case to involve murder for potential habeas relief on the basis of excluded evidence). Additionally, any error was harmless as impeachment of J.A. for not recalling the exact dates when Petitioner had assaulted her would not have changed the outcome. *Hinkle v. Neal*, 51 F.4th 234, 247 (7th Cir. 2022) (exclusion of evidence was harmless given the other testimony and did not warrant habeas relief).

With respect to Petitioner's third claim, the habeas review of sufficiency of evidence is "subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). First, the state appellate court determines whether any rational trier of fact could have found the evidence sufficient; and second, a federal court may only overturn the appellate court's finding of sufficient evidence if it was objectively unreasonable. *Id.*; see also, *Villavicencio-Serna v.*

---

[3] Respondent asserts that they are barred by procedural default. *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). But Petitioner suggests that he can be excused by procedural default by showing both cause for and prejudice from the default. *Garcia v. Cromwell,* 28 F.4th 764, 775 (7th Cir. 2022).

*Jackson*, 999 F.3d 496, 500 (7th Cir. 2021).  Here, the finding of the Illinois Appellate Court of the Fifth District was not objectively unreasonable; a rational trier of fact could have believed J.A.'s testimony that she had been assaulted four times.  Testimony from a single eyewitness suffices for a conviction.  *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005).  Moreover, contrary to Juk's arguments, there is no requirement that a victim's testimony be corroborated by physical or medical evidence in order to sustain a conviction (Doc. 21-1, p. 18).  *United States v. Nieto*, 29 F.4th 859, 868 (7th Cir. 2022) (physical or forensic evidence not required to sustain a conviction).

## Disposition

For the foregoing reasons, Petitioner Daniel Juk's Habeas Corpus Petition (Doc. 1) is **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

## Certificate of Appealability

For the reasons detailed above, the Court has determined that Petitioner has not made a substantial showing of the denial of a constitutional right and that no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court declines to claim a certificate of appealability.

IT IS SO ORDERED.

DATED:  May 2, 2024

**STACI M. YANDLE**
**United States District Judge**